STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-RE-16-196

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FEDERAL NATIONAL MORTGAGE
ASSOCIATION
        PLAINTIFF

v.

THE CLIFTON P. HAMM REVOCABLE
LIVING TRUST DATED MARCH 15, 2010
        DEFENDANT

AND

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT
        PARTIES IN INTEREST



STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 27 2017

RECEIVED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CONSENTED JUDGMENT OF FORECLOSURE AND SALE
### WITH WAIVER OF REDEMPTION
### TITLE TO REAL ESTATE IS INVOLVED

109 Lyons Point Road, Gray, Maine 04039
Cumberland County Registry of Deeds Book 26505, Page 339

With the consent of the parties, the Court finds as follows:

1. The Plaintiff is the owner and mortgagee of record of a mortgage given by Clifton P. Hamm to Financial Freedom Senior Funding Corporation recorded in the Cumberland County Registry of Deeds in Book 26505, Page 339 (the "Mortgage"), affecting real property located at 109 Lyons Point Road, Gray, Maine 04039, more particularly described in the legal description attached to the Mortgage (the "Premises").

2. The Mortgage was assigned by Financial Freedom Senior Funding Corporation to Mortgage Electronic Registration Systems, Inc., as nominee for Financial Freedom Acquisition LLC by assignment recorded October 2, 2009 in Book 27300, Page 101. The Mortgage was further assigned to OneWest Bank N.A. by assignment recorded March 5, 2015 in Book 32115, Page 314, and ratified by Financial Freedom Acquisition LLC by ratification of assignment

executed on May 16, 2016. The Mortgage was further assigned to Federal National Mortgage Association by assignment recorded May 4, 2016 in Book 33084, Page 163.

3. Clifton P. Hamm conveyed his interest in the premises to himself as trustee of The Clifton P. Hamm Revocable Living Trust dated March 15, 2010 by deed recorded July 12, 2010 in Book 27908, Page 140.

4. Clifton P. Hamm died on December 16, 2015.

5. Marilyn S. Daley is the successor trustee to The Clifton P. Hamm Revocable Living Trust dated March 15, 2010 and the execution of this consent judgment by Marilyn S. Daley shall constitute a Certification of Trust pursuant to 18-B M.R.S. § 1013 that she is the successor trustee of said trust with authority to convey the subject property and to act on behalf of the trust in judicial proceedings, and a certification that the trust has not been revoked, modified or amended in any manner that would cause the foregoing representations to be incorrect.

6. In accordance with the terms of the Mortgage, all sums advanced pursuant to the Mortgage and the Note secured thereby were due and payable in full upon the death of the mortgagor.

7. As of May 31, 2016, the following amounts are owed to the Plaintiff:

| | |
|---|---|
| Principal Balance | $282,299.12 |
| Accrued Interest | $49,177.59 |
| Monthly Servicing Fee | $2,730.00 |
| Servicing Advances | $225.00 |
| Initial MIP | $8,340.00 |
| Monthly MIP | $12,085.59 |
| Total | $354,857.30 |

Additional pre-judgment interest is accruing and post-judgment interest will accrue at a rate of 2.39% per annum in accordance with the Note and 14 M.R.S. § 1602-B. Plaintiff has foregone any right to any higher rate that may be allowable under 14 M.R.S. § 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

8. The Defendant has waived the 90-day period of redemption pursuant to 14 M.R.S. §6322.

9. The Plaintiff is not seeking any claim for a deficiency.

10. Mediation was not requested in this action.

11. The Defendant waives any requirement of service of process.

12. The order of priority of any party appearing in this action is as follows:

First Priority: The Mortgage held by Federal National Mortgage Association recorded in the Cumberland County Registry of Deeds in Book 26505, Page 339. The amount due the Plaintiff is as set forth above.

Second Priority: Secretary of Housing and Urban Development, by virtue of a mortgage in the amount of $625,500.00 recorded in Book 26506, Page 1 on December 17, 2008. The amount owed to Party-in-Interest Secretary of Housing and Urban Development is as may be set forth in any affidavit submitted.

Third Priority: The Clifton P. Hamm Revocable Living Trust dated March 15, 2010.

13. There are no public utility easements affected by this action.

14. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

    a.    Federal National Mortgage Association
           c/o CIT Bank, N.A.
           888 E. Walnut St.
           Pasadena, CA 91101

    Counsel:    Leonard F. Morley, Jr., Esq. #3856
                 Shapiro & Morley, LLC
                 707 Sable Oaks Dr., Suite 250
                 South Portland, ME 04106
                 (207) 775-6223

    b.    The Clifton P. Hamm Revocable Living Trust dated March 15, 2010
           c/o Marilyn S. Daley
           18 Bartlett Circle
           Yarmouth, ME 04096

    Counsel:    Pro Se

c.    Secretary of Housing and Urban Development
c/o United States Attorney
100 Middle St.,
East Tower, 6th Floor
Portland, ME 04101

Counsel:    Thomas E. Delahanty II, Esq.
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101

15.    The docket number for this action is PORSC-RE-16-196.

16.    All parties have received or waived notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Judgment of Foreclosure and Sale is hereby entered in favor of Federal National Mortgage Association. Federal National Mortgage Association, its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

First,    to Federal National Mortgage Association, its successors and assigns, as set forth above;

Second,  to Secretary of Housing and Urban Development, its successors and assigns, as set forth above;

Third,   the surplus proceeds, if any, to The Clifton P. Hamm Revocable Living Trust dated March 15, 2010 in accordance with 14 M.R.S. § 6324.

b. No writ of execution for any deficiency shall issue against The Clifton P. Hamm Revocable Living Trust dated March 15, 2010.

c. All remaining rights of the Defendant to possession shall terminate upon entry hereof. Defendant is ordered to vacate the real estate and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same

d. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

e. If an appeal is not filed and the Clerk has so certified, Federal National Mortgage Association shall be responsible for recording an attested copy of this judgment in the Cumberland County Registry of Deeds and paying the recording fee.

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: 2/25/17

_____
Justice, Superior Court

Entered On:


Seen and Agreed:

The Clifton P. Hamm Revocable
Living Trust dated March 15, 2010


_Marilyn S. Daley_____     12/23/16
By: Marilyn S. Daley, Successor Trustee    Date


Secretary of Housing and Urban Development


_____      _____
By: Thomas E. Delahanty II, Esq.           Date


Federal National Mortgage Association


_____      2/9/17
By: Leonard F. Morley, Jr., Esq.           Date

This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.

e. If an appeal is not filed and the Clerk has so certified, Federal National Mortgage Association shall be responsible for recording an attested copy of this judgment in the Cumberland County Registry of Deeds and paying the recording fee.

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: _____

_____
Justice, Superior Court

Entered On: _____

Seen and Agreed:

The Clifton P. Hamm Revocable
Living Trust dated March 15, 2010

_____          _____
By: Marilyn S. Daley, Successor Trustee          Date

Secretary of Housing and Urban Development

_____          __V/26/17_____
By: Thomas E. Delahanty II, Esq.                  Date

Federal National Mortgage Association

_____          _____
By: Leonard F. Morley, Jr., Esq.                  Date

This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.